# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JAMIE T. NICHOLS, #266931, ) | |
| ) | |
| ) | CIVIL ACTION NO. 0:05-2745-RBH-BM |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| ANTHONY PADULA, Warden of ) | **REPORT AND RECOMMENDATION** |
| Lee Correctional Institution; ) | |
| HENRY MCMASTER, Attorney ) | |
| General of South Carolina, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on September 19, 2005.[1] The Respondents filed a return and motion for summary judgment on December 14, 2005. As the Petitioner is proceeding pro se, a Roseboro order was filed on December 15, 2005, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. On January 13, 2006, Petitioner filed a brief and affidavit in opposition. This matter is now before the Court for

---

[1] Since there is no prison mail room stamp on the envelope, the Houston v. Lack delivery date cannot be conclusively determined. The undersigned has therefore used the date on the Petition, giving the Petitioner the benefit of the earliest date possible for his filing date. Houston v. Lack, 487 U.S. 266 (1988).



disposition.[2]

## Procedural History

Petitioner was indicted in 2000 in York County for two counts of possession of marijuana with intent to distribute, third offense [Indictment No. 2000-GS-46-604 & 557]; possession of marijuana with intent to distribute within proximity of a public school [Indictment No. 2000-GS-46-605]; possession of marijuana with intent to distribute within proximity of a public park or playground [Indictment No. 2000-GS-46-558]; leaving the scene of an accident with property damage [Indictment No. 2000-GS-46-556]; failure to stop for a blue light [Indictment No. 2000-GS-46-555]; driving under suspension [Indictment No. 2000-GS-46-554]; and resisting arrest [Indictment No. 2000-GS-46-1751]. (R.pp. 211-212, 215-216, 219-220, 223-224, 227-228, 231-232, 235-236, 238-239.). Petitioner was represented by Leland B. Greeley, Esquire. On May 31, 2000, Petitioner pled guilty to the charges and was sentenced to twenty (20) years, concurrent for each count of possession of marijuana with intent to distribute; ten (10) years, concurrent, for each count of possession of marijuana with intent to distribute within proximity; one (1) year, concurrent, for leaving the scene of an accident with property damage; three (3) years, concurrent, for failure to stop for a blue light; sixty (60) days, concurrent, for driving under suspension, second offense; and ten (10) years, concurrent, for resisting arrest. (R.p. 37). Petitioner did not appeal his conviction or sentence.

On May 31, 2001, Petitioner filed an application for post-conviction relief ("APCR")

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



in state circuit court. (R.pp. 40-45). Nichols v. State of South Carolina, 01-CP-46-1192. Petitioner raised the following issues:

> 1.  Ineffective assistance of counsel.
>
> (a) Applicant was unduly influenced by his attorney to plead guilty when; in fact, Applicant wanted a jury trial; and
>
> (b) Applicant's bond was revoked by the court thereby adding to the undue influence to induce applicant to plea rather than have a trial.

(R.pp. 40-45).

On November 18, 2002, Petitioner amended his application and raised the following additional issues:

> 1.  The Applicant was never informed of his right to a direct appeal. Failure of the trial court or counsel to inform the Applicant of this right resulted in the lapse of the Applicant's time for filing, entitling him now to a belated appeal . . .
>
> 2.  The Applicant . . . believes that his sentence has been unlawfully enhanced by the inclusion of marijuana charges in 1997 . . . one or more of which were disposed of by bond forfeitures rather than convictions . . .bond forfeiture...is not a conviction and cannot be used to enhance subsequent offenses.
>
> 3.  The Applicant . . . believes that his sentence has been further unlawfully enhanced by the South Carolina Department of Corrections. The Applicant has been classified as a violent offender . . . even though he is not under sentence for a violent crime . . .

(R.pp. 46-47).

An evidentiary hearing was held in this matter on December 16, 2002, at which Petitioner was present and represented by Tommy A. Thomas, III, Esquire. (R.pp. 55-167). On February 28, 2003, the PCR judge issued an order denying the petition in its entirety. (R.pp. 169-180B). The PCR judge filed an Amended Order of Dismissal on April 9, 2003. (R.pp. 182-196).



Petitioner then filed an undated Motion for Relief from Judgment; (R.pp. 197-200A); which was denied by the PCR judge on June 19, 2003. (R.pp. 200B-200D).

Petitioner timely appealed to the South Carolina Supreme Court. Petitioner was represented on appeal by Tara S. Taggart, of the South Carolina Office of Appellate Defense, who filed a Johnson[3] brief raising the following issue:

> Whether the lower court erred in ruling that petitioner was not entitled to a direct appeal.

See Petition, p. 2.

Petitioner also submitted a "Supplemental Pro Se Johnson Brief" in which he presented the following issues:
> 1. Was counsel's reasonable trial strategy a valid one when guilty plea counsel failed to raise a meritorious Fourth Amendment violation where evidence seized was the only evidence of Petitioner's possession for those convictions?
>
> 2. Did the PCR judge err in ruling that counsel's judgment concerning the recusal of guilty plea judge was an informed trial strategy?

See Supplemental Pro Se Brief, p. 1.

The South Carolina Supreme Court denied certiorari and granted counsel's request to withdraw by Order dated November 17, 2004. The Remittur was issued on December 3, 2004.

Petitioner also filed a second, successive APCR on October 13, 2004 (2004-CP-46-2450), raising the following issues:

> 1. The results of his prior conviction still persist and, therefore, he is suffering continuing consequences as a result of this alleged invalid conviction. To wit: (violation of applicant's sixth amendment right to

---

[3] Johnson v. State, 364 S.E.2d 201 (S.C. 1988). See also Anders v. California, 386 U.S. 738, 744 (1967).

4



counsel used to enhance subsequent offense).

2. The prior conviction itself is unconstitutional.

See Petition, p. 2 and attachment.

The State filed a Return and Motion to Dismiss on August 10, 2005, and on August 29, 2005, the PCR judge filed a Conditional Order of Dismissal which conditionally dismissed the action unless Petitioner presented specific reasons why it should not be dismissed. See Order filed August 29, 2005. Petitioner made a motion to withdraw his application without prejudice, but the PCR judge signed a final order denying and dismissing the application with prejudice on September 26, 2005. See Order dated September 26, 2005 (filed October 18, 2005). Petitioner did not appeal from the final order.

In his pro se Petition for writ of habeas corpus filed in the United States District Court, Petitioner raises the following claims:

> **Ground One**: Petitioner was denied ineffective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution when his attorney advised and pressured Petitioner to plead guilty to possession of marijuana with intent to distribute, 3rd offense.
>
> **Ground Two**: Petitioner's conviction for possession with intent to distribute marijuana, 3rd, should be vacated because there was no factual basis on which the court could accept petitioner's plea of guilty.
>
> **Ground Three**: Petitioner's guilty pleas were not voluntary, intelligently and knowingly made as required by the Due Process Clause of the United States Constitution.
>
> **Ground Four**: Petitioner was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 14 of the South Carolina Constitution when counsel failed to advise petitioner of his right to appeal.
>
> **Ground Five**: Petitioner's sentence is unconstitutional under the United States



> Supreme Court decisions in Blakely v. Washington, 124 S.Ct. 2531 (2004) and Shepard v. United States, 124 S.Ct. 2531 (2005).
>
> **Ground Six**: The rulings in Blakely and Shepard should be applied retroactively to Petitioner's case.
>
> **Ground Seven**: Petitioner's sentence was illegally enhanced with the Court relied on facts concerning petitioner's alleged prior criminal acts presented by the State after petitioner had tendered his guilty plea.

See Petition, pp. 4, 10, 12, 14, 19, 26, 28.

## Discussion

Respondents have moved for summary judgment pursuant to Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7.  Further, while the federal court is charged with liberally construing  pleadings filed by a pro se litigant to allow the development of a potentially meritorious case;  See Cruz v. Beto,  405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondents contend in their motion that the Petition is subject to dismissal because Petitioner failed to file this application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. As provided by statute, this limitation period runs from the latest of -



> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Here, since Petitioner did not appeal his conviction or sentence, his state court convictions became final ten (10) days after his plea on May 31, 2000. See SCAP Rule 203(b)(2). Petitioner's state court convictions therefore became final on June 12, 2000.[4] When Petitioner filed his first APCR, it tolled the running of the statute. However, by the time Petitioner filed his APCR on May 31, 2001[5], three hundred and fifty-three (353) days of non-tolled time had already passed since his conviction became final. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until December 3, 2004, when the Remittitur was sent after the South Carolina Supreme Court denied certiorari. See eg Ott v. Johnson, 192 F.3d 510 (5th Cir.

---

[4]Since ten (10) days after the sentence was imposed was a Saturday, the last day that Petitioner could serve a notice of appeal and perfect an appeal to the state supreme court was the following Monday, June 12.

[5]See Gary v. State, 557 S.E.2d 662, 663 (2001)[under South Carolina law, mailing does not constitute filing; therefore, a PCR application is not filed until it is received by the Clerk of Court].



1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], <u>cert. denied</u>, 529 U.S. 1099 (2000); <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; <u>Mays v. Hickman</u>, No. 98-56769, 2000 WL 538131 (9th Cir. May 3, 2000).

By the time Petitioner filed this action in federal court on September 19, 2005, an additional two hundred eighty-nine (289) days of non-tolled time had accrued from the disposition of his initial APCR.[6] When the pre- and post-APCR time periods are added, six hundred and forty-two (642) days of non-tolled time passed between when Petitioner's period of limitations began to run on June 12, 2000 and the filing of this federal Petition. While Petitioner argues that the one-year statute of limitations did not start to run until the conclusion of his collateral relief, this argument is without merit. <u>Artuz v. Bennett</u>, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Further, nothing in Petitioner's arguments or in the record before this Court affords Petitioner relief under any other subsection of § 2244(d)(1). Accordingly, Petitioner failed to timely file this federal petition, and he is barred from seeking federal habeas relief. <u>Pearson v. North Carolina</u>, 130 F.Supp.2d 742 (W.D.N.C. 2001); <u>Calderon v. U.S. District Court of the Central District of California</u>, 127 F.3d 782, 785-787 (9th Cir. 1997), <u>cert. denied</u>, 118

---

[6]Petitioner argues that the time for filing his federal petition did not start to run until after his second APCR was dismissed. However, since Petitioner's second APCR was found to be time barred and a successive petition under South Carolina law; <u>see</u> S.C.Code Ann. § 17-27-45(a) [setting forth one year statute of limitations for pursuing post-conviction relief]; it was not a "properly filed" petition, and the federal statute of limitations was not tolled while it was pending. <u>Pace v. DiGuglielmo</u>, 125 S.Ct. 1807 (2005)[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)].



S.Ct. 1395 (1998), <u>overruled on other grounds in later appeal</u>, 163 F.3d 530 (9th Cir. 1998), <u>cert. denied</u>, 119 S.Ct. 1377 (1999).

### Conclusion

Based on the foregoing, the undersigned has no choice but to recommend that the Respondents' motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice, for having been filed outside the applicable statute of limitations. 28 U.S.C. § 2244(d).

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

May 30, 2006



### Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

10
