UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Jamie T. Nichols, #266931, | ) | C/A No. 0:05-2745-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Anthony Padula, Warden of | ) | |
| Lee Correctional Institution; | ) | |
| Henry McMaster, Attorney | ) | |
| General of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner Jamie T. Nichols is an inmate of the South Carolina Department of Corrections ("SCDC") currently incarcerated at Lee Correctional Institution. Petitioner petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254. The petition was filed on September 19, 2005.[1]

**PROCEDURAL HISTORY**

Petitioner was indicted in York County for two counts of possession of marijauna with intent to distribute, third offense; possession of marijauna with intent to distribute within proximity of a public school; possession of marijuana with intent to distribute within proximity of a public park or playground; failure to stop for a law enforcement vehicle; leaving the scene of an accident with property damage; driving under suspension; and resisting arrest. He pleaded guilty to the charges on

---

[1] As noted by the Magistrate Judge, the *Houston v. Lack* delivery date cannot be determined, since the envelope contains no stamp by the prison mail room. The Court has utilized the date on the Petition, thus giving the petitioner the benefit of the earliest possible filing date. *See Houston v. Lack*, 487 U.S. 266 (1988). In his Affidavit filed in opposition to the respondents' motion for summary judgment, the petitioner avers that he delivered the petition to the mail room on September 9, 2005. However, this is inconsistent with the fact that the date of the verified petition herein was September 19, 2005. However, the use of the September 9, 2005 date would not make the petition timely.

1

May 31, 2000 before Judge Henry Floyd in the Court of General Sessions for York County, South Carolina. Judge Floyd sentenced the petitioner to twenty years, concurrent, on each charge of possession of marijauna with intent to distribute; ten years, concurrent, for each count of possession with intent to distribute marijauna within proximity; ten years, concurrent, for resisting arrest; three years, concurrent, for failure to stop for a law enforcement vehicle; sixty days, concurrent, for driving under suspension, second offense; and one year, concurrent, for leaving the scene of an accident with property damage; and ten years, concurrent, for resisting arrest. Petitioner did not appeal his conviction or sentence.

On May 31, 2001, the petitioner filed an application for post-conviction relief ("PCR") in state circuit court. On November 18, 2002, the petitioner amended his petition to raise additional issues. A hearing was held on December 16, 2002 before Circuit Judge Lee S. Alford. Judge Alford issued an Order on February 28, 2003, denying the application for PCR. Judge Alford filed an amended order of dismissal on April 9, 2003. Petitioner filed a *pro se* motion for relief from judgment under Rule 60(b) of the South Carolina Rules of Civil Procedure which was denied on June 19, 2003. The petitioner filed a Petition for Writ of Certiorari with the South Carolina Supreme Court, and the Supreme Court issued an opinion denying the Petition for Certiorari on November 17, 2004. The remittitur was issued on December 3, 2004.

Petitioner filed a second petition for PCR on October 13, 2004 which was conditionally dismissed on August 29, 2005 by Circuit Judge John C. Hayes, III, on the basis that the application was untimely under the Uniform Post-Conviction Relief Act. S.C. Code Ann. §17-27-45(a).[2] Judge Hayes

---

[2] S.C. Code Ann. §17-27-45(A) provides: "An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an

also found that the second PCR application was successive to the prior application and raised the same issues and was barred under S.C. Code Ann. §17-27-90. ("All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application.") The petitioner filed a letter on August 31, 2005 requesting that his application be withdrawn without prejudice.  A final order was entered by Judge Hayes dismissing the PCR application with prejudice on September 26, 2005, finding that "the Applicant has already had a full bite at the apple in his first PCR action and this Court finds no reason to allow him to proceed on an application that is outside the statute of limitations and is successive." Petitioner did not appeal from the order dismissing the second PCR.

As noted hereinabove, this petition for habeas corpus was filed on September 19, 2005. The respondents filed a return and motion for summary judgment on December 14, 2005.  A *Roseboro* Order was entered on December 15, 2005, advising the petitioner of the consequences if he failed to respond.  The petitioner filed a brief in opposition to summary judgment on January 13, 2006.

The Magistrate Judge issued a report and recommendation on May 30, 2006 recommending that the respondents' motion for summary judgment be granted and that the petition for habeas corpus be dismissed with prejudice based on the statute of limitations.  On June 15, 2006, the petitioner filed a "Memorandum in Opposition of Respondent's Motion for Summary Judgment" which the Court will construe as objections to the Report.

**SCOPE OF REVIEW**

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes

---

appeal, whichever is later." Exceptions contained in subsections (B) and (C) of the statute to this time limit (which are not applicable in the case at bar) apply when a new substantive constitutional right is recognized or when new material facts are discovered.

before the court with the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant filed May 30, 2006. The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

## ANALYSIS

The applicable time frame for filing a petition for writ of habeas corpus is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the case at bar, there is no allegation by the petitioner that "an impediment" existed under state law which violated the Constitution which prevented the petitioner from filing this action under subsection (B) of the Act. There has also been no allegation that the case involves a new right recognized by the Supreme Court under (C) or that the factual predicate for the claim was only recently discovered under (D). Except as indicated below, the petitioner does not challenge the manner of calculation by the Magistrate Judge of the time limits under subsection (A), i.e., that the state court conviction became final on June 12, 2000; that before the filing of the PCR application on May 31, 2001, 353 days of non-tolled time had already passed; that the time limits for the habeas corpus petition were tolled during the pendency of the PCR until December 3, 2004, when the remittitur was issued by the Supreme Court in connection with the petitioner's appeal from the PCR ruling; and that when the pre- and post- PCR time periods are added, more than one year had passed before the instant action was filed.

The petitioner asserts in his "objections" that his time for filing a habeas corpus claim was tolled during his second PCR application. He also contends that, since he filed the second application for PCR before his appeal from dismissal of the first PCR was dismissed, the second application should be construed as an amendment to his initial application.

The petitioner's argument regarding tolling during the pendency of the second PCR application is governed by *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), holding that a habeas petitioner's state PCR

petition which was determined by the state court to be untimely under a state statute of limitations was not "properly filed" under AEDPA.[3]  *See also, Artuz v. Bennett*, 531 U.S. 4 (2005).

As to the petitioner's argument that his second application for PCR was actually an amendment to his first petition, the record contains no indication that the petitioner filed any request in the South Carolina Supreme Court, where the appeal was pending, to amend his PCR petition.  Moreover, the second PCR petition does not contain new grounds but continues to contend that the petitioner's trial counsel was ineffective and attempts to challenge his conviction as "unconstitutional" without specifying in what way.

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law.  The court overrules all objections and adopts the Report and Recommendation and incorporates it herein by reference.  Accordingly, respondents' motion for summary judgment is **GRANTED** and the petition is **DISMISSED**.

**IT IS SO ORDERED.**

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

July 31, 2006
Florence, South Carolina

---

[3] Petitioner has not asserted that he is entitled to equitable tolling. Nevertheless, he has not met the prerequisites for such a claim since he has not shown that he pursued his rights diligently and that "some extraordinary circumstance stood in his way". *Id*. at 417. In the case at bar, the petitioner did not pursue a direct appeal and waited almost a year after his conviction in state court to file a petition for post-conviction relief.